IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMESE EDWARD BRAND,   )<br># 169195                                    )<br>                                                   )<br>         Plaintiff,                           )<br>                                                   )<br>    v.                                             )<br>                                                   )<br>GARY HETZEL, *et al.*,               )<br>                                                   )<br>         Defendants.                     ) | CASE NO. 2:12-CV-940-WKW<br>[WO] |

## **ORDER**

Before the court is Plaintiff's Motion for Temporary Restraining Order ("TRO"), which is accompanied by an unsworn declaration submitted under penalty of perjury. (Doc. # 1); *see also* 28 U.S.C. § 1746. Plaintiff is an inmate at Easterling Correctional Facility in Clio, Alabama. He alleges that Defendants have subjected him to conditions of confinement that violate his constitutional rights. He moves for a TRO to obtain better conditions for himself and his fellow inmates.

A temporary restraining order may be issued without notice only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order also requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).[1]

Plaintiff has not demonstrated the requirements for Rule 65(b) relief. First, he has not shown or argued that he will suffer immediate and irreparable injury if Defendants are given an opportunity to respond to the motion. Second, he has not demonstrated that a TRO is necessary to prevent irreparable injury. Third, he has not certified in writing any efforts made to give notice and the reasons why it should not be required. Fourth, he has not demonstrated a substantial likelihood of success on the merits.

Accordingly, it is ORDERED that the Motion for Temporary Restraining Order (Doc. # 1) is DENIED.

It is further ORDERED that this case is REFERRED, pursuant to 28 U.S.C. § 636(b), to the Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate.

---

[1] These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).

DONE this 29th day of October, 2012.

            /s/ W. Keith Watkins
          CHIEF UNITED STATES DISTRICT JUDGE