IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BRAND, #169 195, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-940-WKW |
| ) | [WO] |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's October 26, 2012 complaint has been considered to contain a request for a preliminary injunction. Inasmuch as the court has determined that Plaintiff's motion for temporary injunction is due to be denied (*see* Doc. No. 3), the court finds that Plaintiff's request for a preliminary injunction is due to be denied as the standards for granting relief on a TRO and a preliminary injunction are the same.[1] *See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (Doc. No. 1) be DENIED;

---

[1] A temporary restraining order ("TRO") is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker*, 275 F.3d at 1034-35. The movant bears the burden of proving each of these four elements. *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996).

and

    2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **November 15, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of November, 2012.

                                              /s/ Wallace Capel, Jr.
                                              WALLACE CAPEL, JR.
                                              UNITED STATES MAGISTRATE JUDGE