IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BRAND, ) | |
| # 169195, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 2:12-CV-940-WKW |
| ) | [WO] |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff James Edward Brand resides at Easterling Correctional Facility, but he is not enjoying his involuntary stay. In order to secure better conditions for himself and his fellow inmates, he brought this action against Warden Gary Hetzel and others. But the initial complaint (Doc. # 1) was hardly a model of clarity, so the Magistrate Judge ordered Mr. Brand to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Doc. # 8.)

Mr. Brand filed his first amended complaint on November 29, 2012. (Doc. # 10.) The new complaint consisted of this district's standard inmate complaint form, accompanied by a twelve-page, handwritten complaint. Unsatisfied that the amended complaint solved the problems with the first, the Magistrate Judge ordered Mr. Brand

to try again and threatened to recommend dismissal if the next complaint is not up to par.  (Doc. # 11.)

The matter comes before the court on Mr. Brand's objection to that order. (Doc. # 14.)  Because Mr. Brand objected to the Magistrate Judge's nondispositive order, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

As announced by the United States Supreme Court, federal courts take a liberal approach toward joinder:  "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  That policy is embodied in Rule 18(a) of the Federal Rules of Civil Procedure, which "grants plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants."  *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).  As a court outside this circuit noted, Rule 18(a) allows joinder of claims that "arise out of separate and independent transactions or occurrences."  *MGD Graphic Sys., Inc. v. A&A Bindery, Inc.*, 76 F.R.D. 66, 68 (E.D. Pa. 1977).  In light of this controlling authority, any order requiring Mr. Brand to file a new complaint and pay a separate filing fee for claims that are joinable under Rule 18(a) would be contrary to law.  *See* Fed. R. Civ. P 83(b) ("A judge may regulate

practice in any manner consistent with federal law [and] rules adopted under 28 U.S.C. §§ 2072 and 2075 . . . .").

The order of the Magistrate Judge also instructs Mr. Brand to file his amended complaint on the court's form in accordance with Local Rule 9.1. That rule, however, does not require use of the forms (although it is "strongly encouraged"). At any rate, both of Mr. Brand's complaints begin with a completed copy of the court's form. Mr. Brand's decision to attach a handwritten complaint expounding upon the three claims he set out in the form complaint does not violate any Federal Rule of Civil Procedure, local rule, or order of the court. So long as his handwritten complaint complies with the applicable rules, Mr. Brand may format his complaint in whatever manner he chooses. He is, however, strongly encouraged to use the court's form, as he has done in the past.

The Magistrate Judge's order also faults the amended complaint for "fail[ing] to describe how the conduct . . . of each of the named defendants . . . [and] the matters about which Plaintiff complains have resulted in a violation of *his* constitutional rights." (Doc. # 11, at 2 (emphasis in original).) The amended complaint, however, sets out in detail the nature of the constitutional violations Mr. Brand alleges. In the first count, Mr. Brand accuses three Defendants of enforcing a policy that prohibits him from attending religious services: "Plaintiff . . . is prohibited from religious

activities such as attending services." In support of his Eighth Amendment claim, Mr. Brand lists a litany of prison conditions ranging from dirty kitchens to overcrowded showers. He also claims the medical care available at Easterling is so bad that it almost killed him and has killed others. (Doc. # 10 ¶ 47). As an inmate, Mr. Brand is forced to live with those conditions, so to the extent such conditions are unconstitutional, they violate his rights. Finally, Count III alleges two law librarians and the warden are depriving Mr. Brand of access to legal materials, an alleged violation of his First and Fourteenth Amendment Rights.

But other parts of the complaint are admittedly difficult to understand. For instance, Count III appears to include some sort of procedural due process claim against several non-parties. Whenever necessary to promote clarity, claims based on separate occurrences must be pleaded in different counts. Fed. R. Civ. P. 10. The Magistrate Judge found Mr. Brand's complaint violated that Rule, and that conclusion is neither clearly erroneous or contrary to law. Thus, to the extent Mr. Brand objects to the Magistrate Judge's order to replead his complaint in compliance with Rule 10, his objection is due to be overruled.

It is therefore ORDERED that

(1) Plaintiff's objections (Doc. # 14) to the Magistrate Judge's order are OVERRULED in part and SUSTAINED in part, as set out above;

(2) Plaintiff's motion for reassignment of this case (Doc. # 14) to a new Magistrate Judge is DENIED;

(3) The order of the Magistrate Judge (Doc. # 11) is VACATED in part, as set out above;

Further, because the court did not vacate the portion of the Magistrate Judge's order which determined Mr. Brand's complaint violated Rule 10 of the Federal Rules of Civil Procedure, he is ORDERED to file a second amended complaint on or before **February 1, 2013**. Mr. Brand's first amended complaint shall be superseded by the second amended complaint. This means Mr. Brand shall no longer rely on the first amended complaint. In accordance with the Magistrate Judge's Order, the second amended complaint must set out each of his claims in separate counts (*i.e.*, his claim of denial of access to a law library and his claim based on lack of an inmate grievance procedure should not both be included in a single count). The Clerk of the Court is DIRECTED to send Mr. Brand a form for use in filing a complaint under § 1983 (which Mr. Brand is strongly encouraged, but not required, to use under Local Rule 9.1).

Finally, it is ORDERED that this case is REFERRED back to the Magistrate Judge for further proceedings consistent with this order.

DONE this 18th day of January, 2013.

                                               /s/ W. Keith Watkins  
                                 UNITED STATES DISTRICT JUDGE